IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CITY OF LA CROSSE,

                        Plaintiff,

   v.

FAIRWAY OUTDOOR FUNDING, LLC., d/b/a
LAMAR ADVERTISING OF LA CROSSE,
trade name THE LAMAR COMPANIES,

                        Defendant,

   v.

CRAIG THOMPSON and
WISCONSIN DEPARTMENT OF
TRANSPORTATION,

                        Third-party defendants.

OPINION and ORDER

20-cv-549-jdp

---

      This lawsuit involves billboards on a commercial property located just outside of downtown La Crosse, Wisconsin. Plaintiff, the City of La Crosse, owns the land. Defendant, Fairway Outdoor Funding, LLC, an advertising company, leases the land for billboards.[1] The city seeks a declaration that it has the right to terminate the lease and remove the billboards. Fairway brings a counterclaim against the city seeking just compensation for what it alleges is an unlawful taking.

---

[1] The City of La Crosse filed the original complaint against The Lamar Companies. According to the state-court pleadings, Dkt. 1-3, the correct name of the defendant is Fairway Outdoor Funding, LLC, d/b/a Lamar Advertising of La Crosse, trade name The Lamar Companies. The court will refer to the defendant as Fairway; the caption is amended to reflect defendant's correct name.

Fairway also seeks compensation from third-party defendants Wisconsin Department of Transportation (DOT) and its secretary, Craig Thompson, under Wis. Stat. § 84.30(6), which provides for compensation from the state for billboards removed by government action. DOT and Thompson move to dismiss the third-party claim on the ground that they are not involved in the billboard dispute between Fairway and the city. For simplicity, the court will refer to the third-party defendants as "DOT."

DOT is correct that the city doesn't allege that the state was involved in the billboard dispute. But the statute provides for compensation regardless of DOT's lack of direct involvement. DOT is not entitled to dismissal based on the pleadings; the court will deny the motion.

FACTUAL AND PROCEDURAL BACKGROUND

The court draws the following facts from the parties' pleadings, Dkt. 1-2 and Dkt. 5, and it accepts Fairway's allegations in the third-party complaint against DOT as true for the purposes of this motion. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

The City of La Crosse purchased a commercial property, including its existing leases, from a private landowner in November 2019. One such lease was between the prior landowner and Fairway, allowing Fairway to construct and maintain of billboards on the property. The initial lease term was from March 2004 to February 2019. After the initial term (when the city bought the property) the lease ran year-to-year, subject to termination by either party on timely notice of non-renewal. Fairway had built and maintained several billboards on the property.

In December 2020, the city sent Fairway a notice of non-renewal and requested that the billboards be removed. Fairway objected, contending that the city was effectively exercising its power of eminent domain, because the city purchased the property intending to develop it for a public purpose. Fairway demanded just compensation of $729,300 and refused to remove the billboards.

In light of Fairway's objection to the termination of the lease, the city sought declaratory relief against Fairway in the La Crosse County Circuit Court. Fairway brought counterclaims against the city alleging unlawful taking and related violations of federal and state law. Fairway timely removed this case to federal court, Dkt. 1, and then filed the third-party complaint against DOT. Fairway seeks compensation from DOT for the city's planned removal of the billboard under Wis. Stat § 84.30(6).

The court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy is more than $75,000, Fairway is a citizen of Delaware and Louisiana, and the city is a citizen of Wisconsin. The court need not consider the citizenship of a third-party defendant, such as DOT. *See Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir. 1983) ("[I]f a case is properly within the diversity jurisdiction and the defendant files a third-party complaint against a resident of the plaintiff's state the court does not lose jurisdiction over the plaintiff's claim.").

ANALYSIS

Fairway contends that DOT is liable for the city's planned removal of its billboard under Wis. Stat. 84.30(6). The statute provides that DOT must pay just compensation when signs meeting certain statutory criteria are removed or relocated:

3

> The department shall pay just compensation upon the removal or relocation on or after March 18, 1972, of any of the following signs which are not then in conformity with this section, regardless of whether the sign was removed because of this section:
>
> (a) Signs lawfully in existence on March 18, 1972.
>
> (b) Signs lawfully in existence on land adjoining any highway made an interstate or primary highway after March 18, 1972.
>
> (c) Signs lawfully erected on or after March 18, 1972.

Wis. Stat. § 84.30(6). DOT moves to dismiss Fairway's third-party complaint for failure to state a claim. Dkt. 12. DOT contends that Fairway fails to allege that the state was involved in the events giving rise to this lawsuit: a private landlord-tenant dispute between Fairway and the city. For the same reason, DOT contends that Fairway's' allegations fail to give fair notice of its alleged wrongful acts as required by Federal Rule of Civil Procedure 8(a)(2).

DOT's argument fails. Section 84.30(6) requires DOT to pay just compensation even if a municipality alone takes certain actions to remove a sign. *City of Whitewater v. Vivid Inc.*, 140 Wis. 2d 612, 614–618, 412 N.W.2d 519, 519–522 (Ct. App. 1987). Section 84.30 is Wisconsin's counterpart to the 1965 Federal Highway Beautification Act (HBA), which states are required to enforce through analogous state legislation. *Id.* at 614. The original federal and state HBA laws required federal, state, and local governments to share responsibility for just compensation payments for signs removed pursuant to HBA legislation. *Id.* at 615.

Soon after passage of federal and state HBA statutes, local governments began to use alternatives to HBA laws, such as local zoning ordinances, to remove signs without paying just compensation. *Id.* at 616. Following Congress' lead, Wisconsin amended § 84.30(6) to ensure compensation from DOT "regardless of whether the sign was removed because of" HBA-related provisions. *Id.* Under *City of Whitewater,* this includes a municipality's use of a local ordinance

4

to remove a sign. *Id.* at 617; *see also Vivid, Inc. v. Fiedler*, 219 Wis. 2d 764, ¶ 19, 778, 580 N.W.2d 644, 649 (1998) (concluding that Wisconsin amended § 84.30(6) to ensure that DOT owes compensation for any sign covered by the section, "whether the sign is removed because of eminent domain, the HBA, a local ordinance, or any other reason.").

Nothing in § 84.30(6) requires that DOT itself must be involved in the events underlying a sign's removal for DOT to owe just compensation. And DOT does not identify any other statutory requirement that Fairway has failed to allege.

DOT shifts gears in its reply brief, arguing for the first time that Fairway fails to allege regulatory action by *anyone* to remove its billboards, including by the city. Dkt. 18, at 2. DOT argues that just compensation is owed only when a municipality exercises its police powers to acquire land rights, not when a municipality acts in its capacity as a commercial landlord and chooses not to renew a lease. Arguments raised for the first time in a reply brief are deemed waived. *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011).

But even if not waived, DOT's argument goes to the ultimate merits of the core dispute in the case. Fairway alleges that the city made an unlawful taking under the pretense of refusal to renew a lease. Specifically, Fairway says that the city "occupied the property and terminated the billboard lease for a public purpose" without properly exercising eminent domain, because it purchased the land at issue with a public project in mind. Dkt. 5, ¶ 10–11, 54. The city denies these allegations. Dkt. 7. The resolution of the dispute will require evidence to establish facts that are at this point disputed. DOT may be able to press this argument again in a motion for summary judgment, but it is not amendable to resolution on the pleadings.

ORDER

IT IS ORDERED that third party defendants Craig Thompson and Wisconsin Department of Transportation's motion to dismiss, Dkt. 12, is DENIED.

Entered March 19, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge