IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CITY OF LA CROSSE,

                       Plaintiff,

   v.

FAIRWAY OUTDOOR FUNDING, LLC.,
d/b/a LAMAR ADVERTISING OF LA CROSSE,
trade name THE LAMAR COMPANIES,

                       OPINION and ORDER

                       Defendant,

                       20-cv-549-jdp

   v.

CRAIG THOMPSON and
WISCONSIN DEPARTMENT OF
TRANSPORTATION,

                       Third-party defendants,

---

      This case involves a billboard owned by The Lamar Companies that sits atop a building in downtown La Crosse that is now owned by the City of La Crosse. The court granted summary judgment to the city, concluding that the city, acting in its capacity as a landlord, lawfully terminated Lamar's lease. Dkt. 67. The question now before the court is what relief the city is entitled to.

      The city has submitted a proposed order seeking declaratory and injunctive relief. Dkt. 68. Most of the proposed order is uncontroversial. But Lamar protests the city's entitlement to an injunction requiring Lamar to remove the billboard and restore the roof at Lamar's own expense within 45 days.

      Lamar contends that the city did not request injunctive relief in its complaint, which is titled, "complaint for declaratory judgment." Dkt. 1-2. But the city's complaint seeks, among

other things, "a determination that Lamar is to remove all structures, equipment and materials" from the rooftop and "restore the surface of the leased premises to its original condition." *Id.*, at 3, 6. The complaint asks for injunctive relief despite its title. Besides, the court may issue an injunction even if a party's complaint did not request it. *Old Republic Ins. Co. v. Emps. Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998); Fed. R. Civ. P. 54(c) ("final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

A party seeking a permanent injunction must satisfy four factors: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Neither side really addresses these factors, but the city is entitled to an injunction.

The court explicitly recognized at summary judgment that Lamar is required to remove the billboard and restore the roof by the terms of the lease. Dkt. 67, at 7. The city is unquestionably the prevailing party on the point. The city has suffered, and will continue to suffer, several irreparable harms for which money damages would likely be inadequate. The unauthorized billboard affects the aesthetics of the area in ways that would be impossible to quantify. In this litigation, Lamar has expressed its ownership interest in the billboard structure, and if the city were to remove it, it might face a claim for damages from Lamar. And the presence of the contested billboard could interfere with the city's plans to redevelop the area. The balance of harms favors the city. Lamar agreed to remove the billboard in the lease,

but Lamar has proven to be extremely litigious and reluctant to meet its obligations, even now that those obligations are crystal clear. The public interest would be served by an injunction so that the city can resolve this matter without bearing the uncertain expense of further litigation.

Lamar says that it should not be required remove billboard within 45 days, because the lease does not provide that timeframe. The lease states that Lamar's property may be removed "at any time prior to or within a reasonable time of expiration of the term" of the lease, and that Lamar will "restore the surface of the leased premises to its original condition" at the termination of the lease. Dkt. 40-4. Lamar identifies no specific reason why it would be unable to take down the billboard within 45 days, that time period is not unreasonable on its face.

The court will grant the city's motion for declaratory and permanent injunctive relief, and it will issue a separate judgment and order for permanent injunction.

ORDER

IT IS ORDERED that plaintiff City of La Crosse's motion for declaratory and injunctive relief, Dkt. 68, is GRANTED.

Entered July 19, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge